UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cristhian Y.-V., | Civ. No. 26-2939 (PAM/DLM) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Warden, Freeborn Adult Detention Center, and USA, | |
| Respondents. | |

This matter is before the Court on Petitioner Cristhian Y.-V.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner is a citizen of Ecuador. (Pet. Ex. 1 at 1.) In 2015, he entered the United States near Playas, New Mexico. (Id. at 3; Decl. of Angela Minner (Docket No. 10) Ex. C at 1.) In 2023, an immigration judge terminated Petitioner's removal proceedings without prejudice.[1] (Minner Decl. ¶ 5.)

On January 1, 2026, Petitioner was arrested in Polk County, Iowa, for domestic abuse and child endangerment. (Id. Ex. D at 3.) Immigration and Customs Enforcement ("ICE") encountered Petitioner on January 2, 2026, at the Polk County Jail and lodged a

---

[1] The record is silent as to the intervening years between his entrance into the United States and the termination of his removal proceedings.

detainer for him.  (Id. Ex. A.)  On January 3, 2026, ICE served Petitioner with a Warrant for Arrest of Alien, Form I-200, and transported him to an ICE facility.  (Id. Ex. B.)

ICE then determined that Petitioner was illegally present in the United States and seeking admission, triggering his mandatory detention under 8 U.S.C. § 1225(b)(2). (Minner Decl. ¶ 8.)  ICE served Petitioner with a new Notice to Appear, charging him as removable as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," under the Immigration and Nationality Act ("INA") § 212(a)(6)(A), and for lack of "a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality," under INA § 212(a)(7)(A)(i)(I).  (Id. Ex. C. at 1.)

On March 10, 2026, an immigration judge denied Petitioner's request for a bond hearing, finding the court lacked jurisdiction and Petitioner failed to meet his burden to show that he is not a danger to others, citing his recent arrest for domestic abuse and child endangerment.  (Pet. Ex. 1 at 1.)  An immigration judge ordered Petitioner removed on April 3, 2026.  (Minner Decl. Ex. E.)  Petitioner's appeal to the Board of Immigration Appeals is pending.  (See id.; Pet. ¶ 7.)  Petitioner remains in Respondents' custody at the Freeborn Adult Detention Center in Albert Lea, Minnesota.  (Pet. ¶ 1; Minner Decl. ¶ 12.)

**DISCUSSION**

The Court lacks jurisdiction to review the immigration judge's decision to deny Petitioner's release on bond, because an immigration judge's bond decision "shall not be

subject to review." 8 U.S.C. § 1226(e). Indeed, "[n]o court may set aside any action or decision" by an immigration judge pertaining to "the revocation or denial of bond or parole." Id.

Even if the Court had jurisdiction to review the bond decision, Petitioner is not entitled to the relief he seeks. Petitioner asserts that he has not had a meaningful opportunity to obtain release and due process requires his immediate release from detention or a bond hearing. The issue is clear: Section § 1225(b)(2) requires Petitioner's detention. See Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026). Petitioner fails to identify any violation of due process. Moreover, the reason for Petitioner's continued detention is his appeal of the immigration judge's order of removal.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1), Motion for Immediate Release (Docket No. 3), and Motion to Expedite (Docket No. 4) are **DENIED**; and

2. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 29, 2026                    s/ Paul A. Magnuson
                                        Paul A. Magnuson
                                        United States District Court Judge

3